JOHN A. DIXON, Jr., Judge.
The Insurance Company of St. Louis and Jerry Lloyd, its insured, brought this action against Mrs. Louise L. Williams and her husband, Wilbert Williams, for damages arising out of an automobile accident. On September 1, 1958, at about seven o’clock in the morning, the accident occurred at the intersection of Simon Bolivar Street and Jackson Avenue in New Orleans, an intersection controlled by traffic lights.
The plaintiff Lloyd was operating his car on Simon Bolivar Street, traveling uptown; Mrs. Williams was operating the family car on Jackson Avenue, going toward the Mississippi River.
To this suit the defendants filed an exception of res judicata as a result of a previous suit in which Wilbert Williams sued Jerry L. Lloyd. Williams sued Lloyd and obtained judgment against him for property damages, arising out of the same accident as the one involved in this case. The exception of res judicata was sustained as to plaintiff Lloyd, but overruled as to plaintiff Insurance Company of St. Louis. Lloyd has not appealed, and the exception of res judicata as to the plaintiff Insurance Company of St. Louis was abandoned upon argument in the Court of Appeal.
The defendants answered, and on trial of the case in the City Court of New Orleans the case narrowed itself to determining which driver had the green light at the intersection.
There was judgment in the City Court in favor of the defendants and against the plaintiff Insurance Company of St. Louis, dismissing plaintiff’s suit. From this judgment the Insurance Company of St. Louis appeals.
The plaintiff’s witnesses were Jerry Lloyd and Charlie Russell. The defendants’ witnesses were the defendant Mrs. Williams, Mrs. Julia Mae Larry, and Admiral Dewey Larry. The plaintiff’s witnesses testified that Mrs. Williams entered the intersection on a green light. There was testimony tending to indicate that Lloyd was, at least to some extent, under the influence of alcohol. He had worked in a bar the previous night, until 2:15 in the morning. He was awakened by a telephone call to meet a friend at another bar before seven o’clock the morning of the accident. Lloyd denied that he had had anything to drink before the accident, and the record does not disclose that he was charged or convicted of any crime as a result of the accident. Mr. Lloyd testified that he first noticed Mrs. Williams’ car when she entered the intersection, but that he (Lloyd) had the green light and he “thought for sure she would stop but she didn’t” Lloyd testified at another point in the trial that he saw the other automobile before it entered the intersection, almost in the middle of the block on Jackson Avenue.
Plaintiff’s witness Russell, a taxicab driver, was standing near the Robin Hood Bar, from which Jerry Lloyd had emerged immediately prior to the accident. He testified that the traffic light was green on Simon Bolivar and red on Jackson Avenue when Lloyd drove off from the front of *690 the Robin Hood Bar toward the intersection where the accident occurred.
The defendant’s witness, Mrs. Larry, was a passenger in Mrs. Williams’ automobile, seated on the right-hand side of the front seat. Mr. Larry was seated on the back seat of Mrs. Williams’ automobile, on the right-hand side. All were certain that Mrs. Williams had the green light, and was proceeding at a careful rate of speed.
The testimony of the witnesses as to the color of the traffic light controlling this intersection is in irreconcilable conflict. The trial judge’s opportunity to determine the veracity and credibility of the witnesses was superior to ours, except as to those matters which may be reflected in the transcript of testimony.
There is nothing in the transcript from which we can conclude that the trial judge committed error in his determination of the factual situation.
The judgment appealed from is affirmed, at appellant’s cost.